FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 11 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

Kenneth Hartog and Arnegard Lakeview Estates, LLC

               Plaintiffs,

– against –

Hellmuth and Johnson LLP, and J. Robert Keena,

               Defendants.

------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

15 Civ. 2153 (AMD) (LB)

**ANN DONNELLY**, District Judge.

### INTRODUCTION

Plaintiffs Kenneth Hartog and Arnegard Lakeview Estates, LLC, retained the defendant and his Minnesota law firm to perform various legal services in connection with the plaintiffs' real estate development in North Dakota. The plaintiffs allege that the defendants engaged in a scheme to defraud by billing for cases that were inactive. *See* 18 U.S.C. §§ 1341, 1343, and 1961. The plaintiffs claim additionally that the invoices violated the Fair Debt Collection Act, 15 U.S.C. §1692, and that the defendants were unjustly enriched. The defendants move for dismissal pursuant to Federal Rule of Civil Procedure 4(m) for the plaintiffs' failure to effect proper service. Following a conference on December 3, 2016, I granted the defendants' motion. This opinion provides the basis for that decision.

### BACKGROUND

On February 13, 2014, the plaintiffs hired the defendant and his law firm to represent them on various lien claims as well as a claim by a former contractor. In connection with the retainer,

1

the parties executed a retainer agreement in which both sides consented to the jurisdiction of the Hennepin County District Court, and that Minnesota state law would control. (*See* Dkt. No. 6, Ex. A.) Moreover, the agreement included the following advisory, in capital letters:

> **PLEASE NOTE:** DO NOT SIGN THIS RETAINER AGREEMENT UNLESS YOU FULLY AND COMPLETELY UNDERSTAND IT. BY SIGNING, YOU CERTIFY THAT YOU HAVE NO QUESTIONS AND/OR THAT ALL QUESTIONS IN CONNECTION WITH THESE MATTERS, IF ANY, HAVE BEEN FULLY AND COMPLETELY EXPLAINED TO YOUR SATISFACTION.

Mr. Hartog initialed each page of the agreement, and both he and Mr. Keena signed the last page of the agreement on February 13, 2014. *Id.*

From February through December of 2014, the defendants provided legal services for the plaintiffs in connection with the lien claims and the construction contractor's claim against the plaintiffs. Compl. ¶¶ 10–13. The lien claims were ultimately abandoned, and the contractor's complaint was never properly filed with a court. *Id.* ¶¶ 12, 13. The defendants billed the plaintiffs for more than 200 attorney hours for these four cases. *Id.* ¶ 14. The plaintiffs allege the fees were excessive, and that the number of hours exceeded what was necessary to defend the plaintiffs' interests. *Id.* ¶ 17.

Despite the forum selection provision in the retainer agreement, the plaintiffs filed a complaint in this court on April 15, 2015. (Dkt. No. 1.) On June 3, 2015, the plaintiffs attempted to serve the defendants using FedEx delivery service addressed to a partner at the defendants' firm, Chad Johnson, who was not a named defendant. The mailing also included a waiver of service that read, "[i]f you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you." (Dkt. No. 5, Ex. B.)

Mr. Johnson emailed the plaintiffs' attorney on June 9, 2015, and advised him that the attempt at service was improper, that the defendants did not waive service, and that if served

properly, the law firm would challenge venue in the Eastern District of New York and request that the matter be moved to Minnesota given the forum selection clause in the retainer agreement. (Dkt. No. 5, Ex. C.) The plaintiffs' lawyer did not at that point make any additional efforts to serve the defendants. Instead, on August 21, 2015, he requested the issuance of a certificate of default and entry of default judgment. (Dkt. No. 5.) Accompanying the request was an affidavit of service by Stephen Pemberton, stating that he served the defendants on June 3, 2015 by depositing the summons and complaint not with FedEx, but "under the exclusive care and custody of the U.S. Postal Service." In addition, although the actual FedEx delivery confirmation indicated that delivery was made only to Mr. Johnson (Dkt. No. 5, Ex. D), the affirmation also claimed that the mailing was addressed to "Helmuth (sic) & Johnson, PLLC, c/o Chad Johnson" and "J. Robert Keena c/o Helmuth (sic) & Johnson, PLLC." (Dkt. No. 5, Ex. A.)

The defendants filed a motion to dismiss on August 31, 2015, pursuant to Federal Rule of Civil Procedure 4(m) for the plaintiffs' failure to serve them within 120 days of filing the complaint. (Dkt. No 6.) The case was transferred from the Honorable Sterling Johnson, Jr. on November 17, 2015, and the previously scheduled November 18, 2015 conference was rescheduled for December 3, 2015. On the date of the originally scheduled conference, November 18, 2015, the plaintiffs' attorney left two identical copies of the summons and complaint at Hellmuth & Johnson's New York office with someone named Brandon Babwah, who was not an employee of the defendants' firm. (Dkt. Nos. 9, 10; Aff. of Brandon Babwah.) On that same day, the defendants' attorney sent a letter to the plaintiffs' lawyer, advising him that the most recent attempt at service was still improper, and that it was in any event untimely. (Dkt. No. 9, Ex. 1.)

## DISCUSSION

Fed. R. Civ. P. 4(m) provides in relevant part that,

> [i]f a defendant is not served within 120[1] days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Service can be effected in three ways: (1) pursuant to the law of the state in which the district court is located, (2) pursuant to the law of the state where service is actually made, or (3) by "delivering a copy of the summons and of the complaint to the individual personally; by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

In this case, the plaintiffs filed the complaint on April 15, 2015, making the deadline for service on the defendants August 13, 2015. In order to serve the defendants properly, the plaintiffs could have followed either New York or Minnesota law, both of which require that the summons and complaint be sent by first class mail and that the recipient acknowledge receipt. *See* N.Y. C.P.L.R. § 312–a(a), (b); Minn. R. Civ. P. 4.05. As a third option, the plaintiffs could have served the defendants personally.

The plaintiffs did none of these things. Instead, they sent the summons and complaint by FedEx, and addressed it to Chad Johnson, who was not a named defendant.[2] Mr. Johnson not only

---

[1] As of December 1, 2015, Rule 4(m) requires service within 90 days.
[2] Of course, even had the plaintiffs' representative served the defendants by "U.S. Mail," as he falsely claimed in his affidavit, the service would not have been effective since it was not made by first class mail.

4

did not execute the waiver that the plaintiffs included, he explicitly advised the plaintiffs' lawyer that the service was defective, and that he did not waive proper service.[3]

The plaintiffs' second attempt at service, made not in Minnesota but at an office in New York, just days before the pre-motion conference on this very subject, was no more effective. First, even had the defendants been properly served, the attempt was well past the statutory deadline. Moreover, the person to whom the plaintiffs delivered the summons and complaint not only was not a defendant; he did not even work for the defendants' firm. The defendants' attorney immediately notified the plaintiffs' attorney that the service was both defective and tardy. Nevertheless, the plaintiffs' lawyer filed an affidavit of service on December 1, 2015.

A plaintiff must "advance some colorable excuse for neglect" to avoid Rule 4(m) dismissal. *Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007). Here, the plaintiffs utterly fail to establish good cause for failure to effect service. The defendants promptly advised them that the service was defective, and never waived service as required by statute. The second attempted service, just as deficient as the first attempt, was on November 18, 2015, well after the 120-day deadline.

There is a completely separate ground for dismissal. This Court is not the proper forum for the plaintiffs' lawsuit, which is in reality a fee dispute with his Minnesota law firm. The plaintiffs signed a retainer agreement that provided in no uncertain terms that any disputes were to be resolved in Minnesota state court and controlled by Minnesota state law. When contracts contain a valid forum selection clause the clause is enforceable because it represents the parties' bargained for agreement and its enforcement "protects their legitimate expectations and furthers

---

[3] The fact that the defendants actually received the mailing does not absolve the plaintiffs from serving the defendants properly. *See Fairman v. Hurley*, 373 F.Supp.2d 227, 233 (W.D.N.Y. 2004).

vital interests of the justice system." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (internal citation omitted). The plaintiffs do not offer any reason why that contract should not be enforced.

Accordingly, the case is dismissed.

**SO ORDERED.**

                                            s/Ann M. Donnelly
                                       Ann M. Donnelly
                                       United States District Judge

Dated: Brooklyn, New York
       February 11, 2016